# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHON TREVINO ROBERTS, <br><br> Petitioner, <br><br> v. <br><br> STEVE LANGFORD, Warden, <br><br> Respondent. | Case No. CV 17-03820 AB (AFM) <br><br> **ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## INTRODUCTION

On May 22, 2017, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241). Petitioner is serving a sentence of 201 months in federal prison pursuant to his convictions in the United States District Court for the District of Nevada for kidnapping and other crimes. In his sole ground for federal habeas relief, petitioner claims that he is entitled to a reduction of his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Petitioner currently has a pending action in the sentencing court under 28 U.S.C. § 2255 for his *Johnson* claim. However, the sentencing court stayed the action pending a decision by the Ninth Circuit Court of Appeals in *United States v. Begay*, 14-10080, or pending further order from the sentencing court. Petitioner

filed this Petition because, according to him, the sentencing court's stay was improper and is unnecessarily delaying the resolution of his claim.

As discussed below, this action is dismissed without prejudice for lack of subject matter jurisdiction.

**PROCEDURAL HISTORY**

The Court takes judicial notice of the docket from petitioner's underlying criminal case in *United States v. Gonzalez et al.*, 3:05-cr-00098-HDM-RAM-2. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts).

In July 2007, petitioner was convicted in the United States District Court for the District of Nevada of conspiracy to commit kidnapping, kidnapping, and carrying a firearm during a crime of violence. He was sentenced to federal prison for 201 months. (Petition, Exhibit 2; *Gonzalez*, ECF No. 334.) In March 2009, the Ninth Circuit affirmed the judgment. *See United States v. Roberts*, 319 F. App'x 575 (9th Cir. 2009).

In August 2010, petitioner filed a motion in the sentencing court under § 2255 on the ground of ineffective assistance of counsel and other claims. (Petition at 2; *Gonzalez*, ECF No. 377.) The sentencing court denied the motion in July 2012. (Petition at 2; *Gonzalez*, ECF No. 471.)

In June 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551 (imposition of an increased sentence based on a prior violent felony conviction, under the residual clause of the Armed Career Criminal Act, violates due process). In May 2016, petitioner sought leave to file a successive § 2255 motion in the sentencing court challenging the legality of his sentence in light of *Johnson*. (Petition at 2; *Gonzalez*, ECF No. 529.) In June 2016, the Ninth Circuit granted him leave to file a successive § 2255 motion in the sentencing court.

(Petition at 2; *Gonzalez*, ECF No. 531.) In its order, however, the Ninth Circuit stated that the sentencing court "may wish to stay proceedings pending this court's decision in 14-10080, *United States v. Begay*." (*Gonzalez*, ECF No. 531.)

On the same day, the sentencing court stayed petitioner's § 2255 action pending the Ninth Circuit's decision in *Begay*. (Petition at 3; *Gonzalez*, ECF No. 532.) In August 2016, petitioner's counsel filed a motion to lift the stay because petitioner "cannot afford to wait" until *Begay* is decided: Assuming petitioner was entitled to relief under *Johnson*, he had already served any sentence that was legally authorized. (Petition at 3; *Gonzalez*, ECF No. 548.)

In November 2016, the sentencing court continued the stay of proceedings until *Begay* is decided, noting that *Begay* will likely be dispositive. (Petition at 4; *Gonzalez*, ECF No. 556.) In order to avoid any undue delay, however, the sentencing court ordered the parties in the meantime to file briefs on the merits of petitioner's claims. (*Id.*) In January 2017, the government filed a response. (*Id.*, ECF No. 563.) Petitioner's counsel filed a Reply in February 2017 and a supplement in March 2017. (*Id.*, ECF Nos. 571 and 572.)

In the interim, petitioner filed a *pro se* appeal of the continued stay in the Ninth Circuit. (Petition at 4; *Gonzalez*, ECF No. 558.) The Ninth Circuit dismissed the appeal for lack of jurisdiction because the sentencing court's order continuing the stay was not an appealable order. (Petition at 4; *Gonzalez*, ECF No. 564.)

Petitioner filed this *pro se* Petition on May 22, 2017. The crux of the Petition is that petitioner is entitled to relief under *Johnson* and that the sentencing court's order continuing the stay of his action is unlawful.

## DISCUSSION

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the

custodial court." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). "There is an exception, however, set forth in § 2255: A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id.* (*quoting* 28 U.S.C. § 2255). "We refer to this section of § 2255 as the 'savings clause,' or the 'escape hatch.'" *Id.* (citation omitted).

A § 2241 petition may be brought under § 2255's "savings clause" when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. *See Harrison*, 519 F.3d at 959; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The second requirement for application of the savings clause has not been satisfied here. In light of the fact that the Ninth Circuit has granted him authorization to file a successive § 2255 motion in the sentencing court, petitioner cannot argue that he will never get an opportunity to present his *Johnson* claim. *Cf. Stephens*, 464 F.3d at 898 (petitioner did not have an unobstructed procedural shot where claim based on recent legal authority did not satisfy criteria for a successive § 2255 motion, thereby foreclosing his ability to ever raise the claim). Indeed, petitioner currently has a pending *Johnson* claim in the sentencing court. The fact that petitioner is dissatisfied with the sentencing court's order continuing the stay of his action does not give him grounds to bring an action in this Court. District courts lack jurisdiction to review the rulings and decisions of other district courts. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) ("We have made clear that [i]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher courts, it orders based on its decisions are to be respected.") (internal quotation marks omitted) (alteration in original); *Prentice v. U.S. Dist. Court*, 307 F. App'x 460 (D.C. Cir. 2008) ("[T]he U.S. District Court for the District of Columbia properly determined it lacked jurisdiction to review action taken by the

U.S. District Court for the Eastern District of Michigan (Southern Division).").

The only remaining question is whether this action should be transferred to any other court in which the action could have been brought. *See* 28 U.S.C. § 1631. "Because the statute's language is mandatory, federal courts should consider transfer without motion by the parties." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Id.* Here, the interest of justice would not be served by transferring this action to any other court because petitioner already has a pending § 2255 motion in the sentencing court based on *Johnson*. *See Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir. 2006) (district court did not err in failing to transfer action under § 1631 to the Ninth Circuit where petitioner already had a pending petition for review); *Hill v. U.S. Air Force*, 795 F.2d 1067, 1070 (D.C. Cir. 1986) (district court did not err in failing to transfer action under § 1631 to district court where petitioner already had a pending action arising from the same incidents).

**ORDER**

IT THEREFORE IS ORDERED that this action is summarily dismissed without prejudice for lack of subject matter jurisdiction.

DATED: September 1, 2017

ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE